June 22, 2026

The Honorable Naomi R. Buchwald
United States District Court for the Southern District of New York
500 Pearl Street, Courtroom 21A
New York, New York 10007-1312

       Re:    *Bergman v. Wella Operations US, LLC, et al.*, No. 1:26-cv-04528-NRB

Dear Judge Buchwald:

Defendants Wella Operations US LLC,[1] L'Oréal USA, Inc., and L'Oréal USA Products, Inc. (collectively, "Defendants") respectfully submit this letter pursuant to the Court's Individual Practices to request a pre-motion conference regarding Defendants' anticipated motion to dismiss Plaintiff's Complaint in its entirety. Defendants intend to move to dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) on two grounds: (i) lack of personal jurisdiction over Wella Operations US LLC; and (ii) failure to state a claim. Defendants also reserve all rights to assert statute-of-limitations defenses under applicable law.

## I.      Plaintiff's Allegations

Plaintiff resides in Michigan. Compl. ¶ 1. She alleges exposure to Defendants' hair dye products "from approximately 1983 through 2021" while working as a cosmetologist in Michigan. *Id.* ¶¶ 26-30. Plaintiff alleges that "[i]n July of 2024," she was diagnosed with bladder cancer, which she contends was caused by her "regular and prolonged use and exposure to chemicals in the PRODUCTS." *Id.* ¶ 30. The Complaint alleges that there are "at least five (5) products at issue," sold under the Wella, L'Oréal, Matrix, Clairol, and Joico brands, but identifies only two product lines: "Wella Color Charm" and "Nice and Easy." *Id.* ¶¶ 20, 21-22, 40. Plaintiff further alleges that these products contained carcinogenic compounds, including "4-Aminobiphenyl and Ortho Toluidine," which allegedly caused her bladder cancer. *Id.* ¶ 55.

## II.      Summary of Argument

### A.      Defendant Wella Intends to Move to Dismiss for Lack of Personal Jurisdiction

Defendant Wella Operations US LLC ("Wella") intends to move to dismiss for lack of personal jurisdiction under Rule 12(b)(2). First, the Complaint does not establish general jurisdiction over Wella. A corporate defendant is subject to general jurisdiction where it is "'essentially at home'" in the state, which is typically limited to the corporation's place of incorporation and principal place of business. *See Daimler AG v. Bauman*, 571 U.S. 117, 139 & n.19 (2014) (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011)); *see also Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016) ("[E]xcept in a truly 'exceptional' case, a corporate defendant may be treated as 'essentially at home' only where it is incorporated or maintains its principal place of business") (citation omitted).

The Complaint does not allege that Wella is incorporated in New York or maintains a principal place of business there.[2] To the contrary, Plaintiff alleges that Wella is a Delaware LLC

---

[1] "Clairol" is not a separate legal entity but rather a brand within Wella Operations US LLC. "Clairol" is therefore improperly named in Plaintiff's Complaint.

[2] Plaintiff alleges that Clairol's principal place of business is in New York (Compl. ¶ 13), but that allegation is incorrect. To the extent necessary, Wella intends to submit evidence to rebut Plaintiff's conclusory allegation, which is permissible on a Rule 12(b)(2) motion. *See Johnson v. UBS AG*, 791 Fed. App'x 240, 241 (2d Cir. 2019).

The Hon. Naomi R. Buchwald
June 22, 2026
Page 2

with its principal place of business in California. Compl. ¶ 6. Nor does the Complaint suggest this is an "exceptional case" where Wella is "essentially at home" outside its place of incorporation or principal place of business. Plaintiff's generalized allegations that "Defendants" sell products in New York and have engaged in "substantial, continuous economic activity" in the state (*id.* ¶¶ 24-25, 37) are insufficient to confer general jurisdiction. *See Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283, 290 (S.D.N.Y. 2015). Likewise, allegations that Wella maintains a New York office or has designated an agent for service of process in New York (Compl. ¶ 6) do not confer general jurisdiction. *See Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 499-500 (2d Cir. 2020).

The Complaint also fails to establish specific jurisdiction, which requires that Plaintiff's claims "arise out of or relate to" the defendant's forum contacts. *See Bristol-Myers Squibb Co. v. Superior Ct.*, 582 U.S. 255, 272 (2017). Plaintiff alleges that she is a Michigan resident and that her alleged exposure occurred while she worked as a cosmetologist in Michigan. Compl. ¶¶ 1, 29-30. She does not allege that she purchased, used, or was exposed to any Wella product in New York, nor does she plead any facts connecting her alleged injuries to conduct occurring in New York. Her allegations that Defendants conduct business in New York and sold products into the state (*id.* ¶¶ 24-25, 35-38) do not establish the required nexus between her claims and New York. *See Sabol v. Bayer Healthcare Pharm.*, 439 F. Supp. 3d 131, 143 (S.D.N.Y. 2020). Because Plaintiff's claims arise entirely from alleged out-of-state conduct, specific jurisdiction is lacking.

### B.      The Complaint Fails to State a Claim Under Federal Pleading Standards

Defendants also intend to move to dismiss the Complaint for failure to state a claim under Rule 12(b)(6).

*First*, Plaintiff's product liability claims (Counts I-III) fail as to L'Oréal USA, Inc. and L'Oréal USA Products, Inc. because Plaintiff does not allege that she used any specific product attributable to either defendant. *See* Compl. ¶¶ 3, 21-22, 40. The claims also fail as to all Defendants because Plaintiff does not plausibly allege that any product she used contained the chemicals purportedly responsible for her bladder cancer. *Id.* ¶ 55. To state a product liability claim, a plaintiff must plausibly allege exposure to a particular product containing the alleged toxin. *See Tuosto v. Philip Morris USA Inc.,* 672 F. Supp. 2d 350, 366 (S.D.N.Y. 2009); *Edwards v. Dow Ctr.*, 2024 WL 3718659, at *3 (E.D.N.Y. Aug. 7, 2024). Although Plaintiff alleges that Defendants' products contained "4-Aminobiphenyl and Ortho Toluidine," (Compl. ¶ 55), she pleads no facts supporting that conclusory assertion or showing that any product she allegedly used contained either chemical during the relevant period.

*Second*, the Complaint relies on impermissible group pleading, asserting all substantive allegations against "Defendants" collectively. Such allegations "are routinely rejected by courts as insufficient to state a claim as to any particular defendant." *Abadi v. NYU Langone Health Sys.*, 714 F. Supp. 3d 387, 392 (S.D.N.Y. 2024). This defect is particularly fatal to Plaintiff's fraud claims (Counts IV and V), which must satisfy Rule 9(b)'s heightened pleading standard. *See Negrete v. Citibank, N.A.*, 237 F. Supp. 3d 112, 122–23 (S.D.N.Y. 2017).

*Third*, Plaintiff fails to plead her fraud claims with particularity pursuant to Rule 9(b), which requires her to "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006). The Complaint does none of this. It identifies no specific fraudulent statements and instead relies on

The Hon. Naomi R. Buchwald
June 22, 2026
Page 3

conclusory, undifferentiated allegations that "Defendants" misrepresented the safety of unspecified "PRODUCTS," often "upon information and belief." Compl. ¶¶ 136-141.

*Fourth*, Plaintiff's GBL §§ 349 and 350 claim (Count VI) fails for multiple reasons. Most critically, Count VI fails because the statutes apply only to deceptive transactions in New York, and the Complaint alleges none. *See Kaufman v. Sirius XM Radio, Inc.*, 474 Fed. App'x 5, 9–10 (2d Cir. 2012).

### C.    Defendants Reserve Their Rights to Assert that Counts I-V Are Untimely

Defendants reserve all rights to assert that Counts I-V are untimely, in whole or in part, under Michigan and/or New York law, once the relevant accrual facts are identified. Because Plaintiff is a Michigan resident and alleges injuries arising from exposure and use occurring in Michigan (Compl. ¶¶ 1, 29), New York's borrowing statute, CPLR 202, requires her claims to be timely under both New York and Michigan law. *See IKB Deutsche Industriebank AG v. McGraw Hill Fin., Inc.*, 634 Fed. App'x 19, 21 (2d Cir. 2015).

Michigan's applicable three-year statute of limitations accrues when "the wrong upon which the claim is based was done," and the "wrong is done when the plaintiff is harmed." *Trentadue v. Buckler Lawn Sprinkler Co.*, 479 Mich. 378, 388, 391 (2007); *see also* MCL 600.5805(12). Although Plaintiff alleges that she was diagnosed with bladder cancer in July 2024 (Compl. ¶ 30), the Complaint does not allege when she first suffered a cognizable injury or otherwise plead facts sufficient to determine accrual under Michigan law.[3]

Under New York law, the three-year limitations period for toxic-exposure claims begins upon discovery of the injury, which courts have interpreted to mean when a plaintiff first experiences symptoms, not when a diagnosis is later made. *See Vuksanovich v. Airbus Ams., Inc.*, 608 F. Supp. 3d 92, 103-04 (S.D.N.Y. 2022). Plaintiff alleges only a July 2024 diagnosis date and does not plausibly allege when her injury was or should have been discovered, nor does she plead facts supporting the applicability of CPLR 214-c(4), tolling, or any other extension of the limitations period.[4]

---

[3] The Complaint also fails to plausibly allege fraudulent concealment tolling. *See* MCL 600.5855. Plaintiff's conclusory allegations that Defendants concealed risks associated with the Products are undermined by her own allegations citing studies that predate her diagnosis. Further, the Complaint does not identify any affirmative act or misrepresentation by Defendants designed to prevent discovery of her claims, nor does it explain why those claims could not have been discovered through reasonable diligence. *Prentis Fam. Found. v. Barbara Ann Karmanos Cancer Inst.*, 266 Mich. App. 39, 48 (2005).

[4] Under both Michigan and New York law, Plaintiff's fraud claims (Counts IV and V) are subject to the same statute of limitations as her product liability claims (Counts I-III). Under Michigan law, courts look to the gravamen or true nature of the claim, rather than the label attached to it, to determine the applicable statute of limitations. *See Tenneco Inc. v. Amerisure Mut. Ins. Co.*, 281 Mich. App. 429, 457 (Mich. App. 2008). Similarly, under New York law, a plaintiff may not invoke the fraud statute of limitations where the fraud allegations are merely "incidental to another cause of action." *New York Seven-Up Bottling Co. v. Dow Chem. Co.*, 96 A.D.2d 1051, 1053 (2d Dep't 1983), *aff'd*, 61 N.Y.2d 828.

The Hon. Naomi R. Buchwald
June 22, 2026
Page 4

Respectfully submitted,

**DLA PIPER LLP (US)**                    **VENABLE LLP**


Cara D. Edwards
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 335-4714
cara.edwards@us.dlapiper.com

*Attorneys for Defendants L'Oréal USA, Inc.*
*and L'Oréal USA Products, Inc.*

Tara L. Pehush
Alexandra E. Deitz
151 West 42nd Street, 49th Floor
New York, NY 10036
Telephone: (212) 307-5500
TLPehush@Venable.com
AEDeitz@Venable.com

*Attorneys for Defendant*
*Wella Operations US LLC*


cc:    All counsel via ECF